UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**DILWORTH PAXSON LLP**
Scott J. Freedman (7681)
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1962
Facsimile: (856) 663-8855

*Special Counsel Daniel E. Straffi, Chapter 7 Trustee*
_____

In re:

MEDAK TRUCKING, LLC,

              Debtor.
_____

DANIEL E. STRAFFI, CHAPTER 7 TRUSTEE

              Plaintiff,

              v.

INTERPOOL, INC. D/B/A TRAC INTERMODAL,

              Defendant.

**Order Filed on October 2, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 7

Case No. 16-24788 (KCF)

Honorable Kathryn C. Ferguson

Adv. Pro. No. 19-01152 (KCF)

## CONSENT ORDER RESOLVING ADVERSARY PROCEEDING

      The relief set forth on the following pages numbered two (2) and three (3) is hereby ORDERED.

**DATED: October 2, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

121074608_1

This Consent Order (the "**Consent Order**") is made and entered into as of this 27th day of August, 2019, by and between Daniel E. Straffi, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Medak Trucking, LLC (the "**Debtor**"), and Interpool, Inc. d/b/a Trac Intermodal (the "**Defendant**" and together, with the Trustee, the "**Parties**"). The Parties hereby stipulate and agree as follows:

WHEREAS, on or about August 1, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Case No. 16-24788 (KCF) (the "**Bankruptcy Case**"), in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**");

WHEREAS, on or about April 2, 2018, the Bankruptcy Case was converted to Chapter 7;

WHEREAS, on or about April 5, 2018, the Trustee was duly appointed as the Chapter 7 trustee for the Estate.

WHEREAS, the Trustee asserts that the Defendant received certain prepetition transfers from the Debtor in the aggregate amount of $13,959.50 (collectively, the "**Transfers**");

WHEREAS, on April 4, 2019, the Plaintiff filed a complaint (the "**Complaint**") against the Defendant in Adversary Proceeding No. 19-00152 (the "**Adversary Proceeding**") seeking to, *inter alia*, avoid and recover the Transfers pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, the Defendant has informally denied any liability for, and asserted various defenses to, the allegations set forth in the Complaint; and

WHEREAS, following good faith negotiations, the Parties desire to resolve the Adversary Proceeding on the terms set forth herein.

NOW THEREFORE, relying specifically on the foregoing recitals, each of which is incorporated in full, and made an integral part of, this Consent Order, and in consideration of the mutual promises and covenants set forth herein, the Parties agree and for good cause shown, it is

**ORDERED and ADJUDGED** as follows:

1.      The Defendant is to pay the sum of $8,750.00 (the "**Settlement Payment**") to the Plaintiff within five (5) business days of the Court's entry of this Consent Order. The Settlement Payment shall be made by check payable to the order of "Daniel E. Straffi, Chapter 7 Trustee for Medak Trucking, LLC" c/o Dilworth Paxson LLP, 457 Haddonfield Road, Suite 700, Cherry Hill, New Jersey 08002, Attn: Scott J. Freedman.

2.      This Consent Order is subject to (i) the Plaintiff filing a Notice of Settlement of Controversy (the "**Notice**") with the Bankruptcy Court, and (ii) the issuance of a Certificate of No Objection or the resolution of objections filed as to the Notice, if any, in a manner satisfactory to the Parties.

3.      Upon the receipt and clearance of the Settlement Payment (the "**Effective Date**"), the Plaintiff, on behalf of himself (in his capacity as Trustee) and the Estate, shall release and discharge the Defendant and its predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns (collectively, with the Defendant, the "**Defendant Parties**") from any and all actual or potential claims, demands, obligations, losses,

causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever arising from the Debtor, the Bankruptcy Case, the Complaint, the Adversary Proceeding and the Transfers; *provided*, *however*, that nothing herein shall release or discharge any obligation of the Defendant under this Consent Order.

4.     Upon the occurrence of the Effective Date, the Defendant, on behalf of itself and the Defendant Parties, shall release and discharge the Trustee, the Debtor, the Estate and the Trustee's agents, employees and attorneys, from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever arising from the Debtor, the Bankruptcy Case, the Complaint, the Adversary Proceeding and the Transfers, including without limitation any claims under section 502(h) of the Bankruptcy Code related to the Settlement Payment and any other claims and/or administrative expenses the Defendant Parties may hold against the Estate; *provided*, *however*, that nothing herein shall release or discharge any obligation of the Trustee under this Consent Order.

5.     The attorneys for the Plaintiff will advise the Court of the occurrence of the Effective Date and the Adversary Proceeding will be dismissed with prejudice.

6.     The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Consent Order.

Consented to as to content, entry and form:


**DANIEL E. STRAFFI, CHAPTER 7 TRUSTEE**


/s/ Daniel E. Straffi                                             Dated:  September 3, 2019
Daniel E. Straffi



**INTERPOOL, INC. D/B/A TRAC INTERMODAL**


By:     /s/ J. Stephen Simms                          Dated:  August 27, 2019
          J. Stephen Simms

Title:   Attorney for Interpool Inc.
          d/b/a Trac Intermodal, with express authority